UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO:

WANDA BALSAMO,

    Plaintiff,

vs.

CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, a Foreign Profit Corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, WANDA BALSAMO, sues the Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, a Foreign Profit Corporation (hereinafter referred to as "CARNIVAL CRUISE LINES"), and alleges:

### JURISDICTION AND PARTIES

1. This is an action in excess of this Court's minimum jurisdictional limits, to wit: Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

2. At all material times, Plaintiff, WANDA BALSAMO, was and is a resident of West Monroe, Louisiana and otherwise *sui juris*.

3. At all material times, Defendant, CARNIVAL CORPORATION, was and is a Foreign Corporation engaged in the business of selling cruises and operating cruise ships within the United States of America, including the state of Louisiana.

4. At all material times, Defendant, CARNIVAL CORPORATION, maintained its principal office for the regular transaction of its business at 3655 NW 87th Avenue, MLGL 815, Miami, Florida, 33178.

5. Jurisdiction is proper in this Court pursuant to Federal Rule of Civil Procedure 9 (h). This claim is maintained under the general maritime law of the United States. In the alternative, this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy, without interest and costs, exceeds $75,000.00, and the Defendant is a foreign corporation with its principle place of business in Miami, Florida.

6. Venue is proper in this court both because the Defendant, CARNIVAL CORPORATION, maintains office(s) for the transaction of its business in Miami-Dade County, Florida, and pursuant to a forum selection clause in the Defendant's Cruise/Cruise Tour Ticket Contract that requires all lawsuits between a passenger and the Defendant(s) cruise ship carrier to be brought before a Federal Court located in the Southern District of Florida.

## FACTS COMMON TO ALL CLAIMS

7. At all material times, the Defendant operated the subject vessel, *Carnival Dream*, which departed from Port in New Orleans, Louisiana.

8. As part of its regular business, Defendant, CARNIVAL CRUISE LINES, booked, arranged, and sold cruises to patrons like the Plaintiff and provided them with transportation, food, entertainment, and lodging on the *Carnival Dream* and other vessels.

9. On or about September 4th, 2016, the Plaintiff, WANDA BALSAMO, embarked upon the vessel, *Carnival Dream,* as a paying passenger for a cruise operated and sold by Defendant, CARNIVAL CRUISE LINES.

10. On or about September 9th, 2016, the Plaintiff, WANDA BALSAMO, was walking through the main dining room hallway aboard the *Carnival Dream*, when she slipped and fell on a dangerous, hazardous foreign object on the floor, severely injuring herself.

11. At all material times, Defendant, CARNIVAL CRUISE LINES, by and through its agents employees and/or crew, maintained and controlled the subject vessel, *Carnival Dream*, including the area where the Plaintiff, WANDA BALSAMO, was injured.

12. At all material times, agents, crew and/or employees of Defendant, CARNIVAL CRUISE LINES, had knowledge, actual or constructive, of the dangerous and hazardous nature of the area in which the Plaintiff fell.

13. At all material times, agents, crew and/or employees of Defendant, CARNIVAL CRUISE LINES, knew or should have known that allowing the dangerous and hazardous condition to remain on its ship in an area frequently used by its passengers posed a significant danger to them.

14. At all material times, Defendant, CARNIVAL CRUISE LINES, had a duty to warn its passengers, including the Plaintiff, WANDA BALSAMO, of that danger and to take all reasonable steps to correct it.

## COUNT I

### NEGLIGENCE AGAINST DEFENDANT, CARNIVAL CORPORATION

The Plaintiff adopts and re-alleges Paragraphs 1 through 14, and further alleges:

15. At all material times, Defendant, CARNIVAL CRUISE LINES, knew or should have known of the presence of the dangerous and/or hazardous foreign object on the floor of the main dining room hallway on its vessel and further knew that passengers on the *Carnival Dream*, including the Plaintiff, would walk through the main dining room hallway.

16. At all material times, Defendant, CARNIVAL CRUISE LINES, owed a duty to the Plaintiff to maintain, operate and control its vessel in a reasonably safe condition, and to warn its passengers of any unsafe conditions existing upon the vessel which the Defendant knew, or by the exercise of reasonable care should have known, existed.

17. At all material times, Defendant, CARNIVAL CRUISE LINES, further owed a duty to the Plaintiff, WANDA BALSAMO, to maintain a reasonably safe means of walking through the main dining room hallway aboard the vessel.

18. Notwithstanding these duties, Defendant, CARNIVAL CRUISE LINES, by and through the acts and omissions of its employees, agents, crew and/or servants, breached its duty of care to the Plaintiff and was negligent in one or more of the following ways:

   a. Failing to maintain the vessel in a reasonably safe condition; and/or

   b. Failing to warn the Plaintiff of an unsafe condition existing upon the vessel which the Defendant or its agents knew or should have known of; and/or

   c. Failing to take adequate steps or measures to correct the unsafe condition which the Defendant or its agents knew or should have known of; and/or

   d. Failing to maintain a safe means of ingress and egress for its passengers where the incident occurred in the hallway to and from the main dining room; and/or

   e. Failing to provide the necessary precautions and/or warnings in order to protect persons from falling in the hallway to and from the main dining room; and/or

   f. Creating an unsafe condition on the vessel in the subject dining room hallway; and/or

   g. Failing to have adequate procedures in place for the inspection and maintenance of the hallway to and

4

       from the main dining room and, in particular, the area where the incident occurred; and/or

  h.    Failing to protect its passengers from known dangers; and/or

  i.    Failing to provide their passengers with a safe means of walking through the area where the incident occurred; and/or

  j.    Negligently and carelessly failed to maintain the flooring in the subject dining room hallway; and/or

  k.    Defendant was otherwise negligent at the time and place complained of.

19. As a direct and proximate result of the Defendant, CARNIVAL CORPORATION'S negligence, as hereinabove alleged, the Plaintiff, WANDA BALSAMO, slipped and fell suffering bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, loss of earnings and future earning capacity, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. These losses are either permanent and/or continuing in their nature, and Plaintiff, WANDA BALSAMO, will suffer these losses in the future.

**WHEREFORE**, the Plaintiff, WANDA BALSAMO, demands judgment against the Defendant, CARNIVAL CORPORATION, for damages in excess of Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs. Plaintiff further demands trial by jury of all issues so triable as of right.

Dated this 17th day of October, 2016.

**THE BIONDO LAW FIRM, P.A.**
Attorneys for the Plaintiffs
44 West Flagler Street, Suite 1575
Miami, Florida  33130
Phone: (305) 371-7326
Facsimile: (305) 371-7330
Email: garrett@biondolaw.com


By: /s/Garrett Biondo
Garrett Biondo, Esq.
Florida Bar No.:0193437